# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-0069V
UNPUBLISHED

| | |
|---|---|
| JEFFREY BARTON,<br><br>      **Petitioner**,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      **Respondent.** | Chief Special Master Corcoran<br><br>Filed: March 18, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jessica Olins, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*

*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

### <u>DECISION AWARDING DAMAGES</u>[1]

  On January 15, 2019, Jeffrey Barton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an October 11, 2016 influenza ("flu") vaccine. Petition at 1-4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On December 12, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On March 17, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $91,934.68 ($90,000.00 for pain and suffering and $1,934.68 for unreimbursed expenses). Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $91,934.68** ($90,000.00 for pain and suffering and $1,934.68 for unreimbursed expenses) **in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**


**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____

JEFFREY BARTON,                          )
                                         )
          Petitioner,                    )          No. 19-69V    ECF
                                         )
          v.                             )          Chief Special Master Corcoran
                                         )
SECRETARY OF HEALTH                      )
AND HUMAN SERVICES,                      )
                                         )
          Respondent.                    )
_____  )

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.    Procedural History**

On January 15, 2019, Jeffrey Barton ("petitioner") filed a petition for compensation

("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -

34, *as amended*.  He alleges that, as a result of receiving the influenza ("flu") vaccine on October

11, 2016, he suffered from a left shoulder injury related to vaccine administration ("SIRVA").

*See* Petition.  On December 11, 2019, respondent filed his Vaccine Rule 4(c) report, conceding a

Table injury for SIRVA.  On December 12, 2019, Chief Special Master Corcoran issued a ruling

on entitlement, finding that petitioner was entitled to compensation for SIRVA.

**II.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

a lump sum of **$91,934.68** ($90,000.00 for pain and suffering, and $1,934.68 for unreimbursed

expenses).  This amount represents all elements of compensation to which petitioner would be

---

[1]  This Proffer does not include attorneys' fees and costs, which the parties intend to
address after the Damages Decision is issued.

entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## III.   Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$91,934.68**, in the form of a check payable to petitioner.[2] Petitioner agrees.

<div style="margin-left: 40%;">

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357
Fax: (202) 616-4310

</div>

Dated:  March 17, 2020

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.